**ALAN S. FUTERFAS**

ATTORNEY AT LAW

565 FIFTH AVENUE, 7TH FLOOR
NEW YORK, NEW YORK 10017
(212) 684-8400

ELLEN B. RESNICK

BETTINA SCHEIN
  OF COUNSEL

asfuterfas@futerfaslaw.com

November 19, 2024

<u>By ECF</u>
The Honorable Ronnie Abrams
United States District Judge
United States Courthouse
40 Foley Square
New York, N.Y. 10007-1312

  Re: *United States v. Edward Gray Stiles,* 23 Cr. 98 (RA)

Dear Judge Abrams:

  Counsel for Gray Stiles ("Mr. Stiles") respectfully submits this letter in support of a lenient sentence, including probation, when Mr. Stiles appears for sentencing on December 3, 2024, at 2:00 p.m. This Court is already very familiar with this case having received a significant submission on behalf of Mr. Stiles' codefendant, James Andrew Stiles ("Andrew Stiles"), and presiding over Andrew Stiles' sentence on July 24, 2024. In order to avoid unnecessary duplication, we respectfully incorporate herein by reference the sentencing submission filed by Andrew Stiles' counsel, Phyllis Malgieri, Esq., on July 10, 2024 (ECF 53). We suggest that the submission may assist this Court in its consideration of an appropriate sentence for Gray Stiles, specifically, the offense conduct and the need to avoid sentencing disparity.

  Mr. Stiles pled guilty on April 3, 2024 to Count Five of the Indictment charging securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. § 240.10b-5 and 18 U.S.C. § 2, pursuant to a plea agreement dated February 1, 2024. (The "Plea Agreement"). The parties have stipulated that the following is the applicable guidelines calculation:

| | |
|---|---:|
| Base Offense Level (U.S.S.G. § 2B1.1(a)(1)) | 8 |
| Loss between $150,000 and $250,000 (U.S.S.G. § 2B1.1(b)(1)(F)) | + 10 |
| Zero-Point Offender U.S.S.G. § 4C1.1(a) | - 2 |

ALAN S. FUTERFAS

| | |
|---|---|
| Acceptance of Responsibility (U.S.S.G. § 3E1.1(a)) | - 2 |
| Additional point on Government's motion (U.S.S.G. § 3E1.1(b)) | - 1 |
| Total: | 13 |

(Plea Agreement at 2)

An offense level of 13 corresponds to a guideline range of 12-18 months' incarceration. The parties also agree that an additional 1- point reduction is warranted if there is a global disposition, since trial is avoided entirely. (*Id.* at 3) Assuming this Court grants the additional point, as it did for codefendant Andrew Stiles (*see* Sentence on July 24, 2024 at T. 17), Gray Stiles' offense level is 12 with a corresponding guideline range of 10-16 months and a fine range of $5,500 to $5,000,000.

We respectfully submit that a significant variance from the guideline range is warranted here after consideration of the non-guidelines sentencing factors contained in 18 U.S.C. § 3553. This Court previously noted the need to avoid sentencing disparity among defendants convicted of insider trading who generally receive sentences significantly below the applicable guideline range. (*See* Sentence on July 24, 2024 at T. 27-28: "I have also considered the need to avoid unwarranted sentencing disparities, not only with respect to Mr. [Andrew] Stiles' co-defendant, his cousin, but other defendants in this district and nationwide.") In sentencing Andrew Stiles, this Court varied downward to 3 months' incarceration from the parties' stipulated guidelines range of 24 - 30 months (i.e., from an offense level of 16, including the additional point for global disposition). Based, at least initially, on the need to avoid sentence disparity, we submit that a non-incarceratory sentence is appropriate here. The parties' stipulated sentence range for Gray Stiles' participation in the same offense (10 - 16 months) is more than a year below the bottom of the range applicable to Andrew Stiles (24 - 30 months). Here, a comparable 12+ months' variance downward from 10 months would result in a probationary sentence.

Perhaps more importantly, the history and character of Gray Stiles strongly support a significant downward variance as well. In contrast to his cousin, Andrew, Gray Stiles did not acquire insider information in the course of his professional work and share it. Rather, he received information solely as a tippee from a particularly close relative whom he trusted and respected. Gray Stiles is simply not as sophisticated or experienced in the professional world as his cousin. While Gray Stiles graduated from James Madison College in 2007 and from Virginia Commonwealth University in 2012 with a master's degree in business administration, he has always struggled professionally. He spent the years between 2007 and 2016 in modestly paying positions, including six years as a financial analyst at two different companies in Virginia, working in windowless offices with minimal human interaction. In 2016, he began working as wholesale lumber trader but left in early 2020 because he found the environment "toxic." His timing could not have been worse. The pandemic unleashed great profits for the lumber traders who remained at his old job. Mr. Stiles was then unemployed for most of the next three years. In 2023, he began working as an Uber driver to earn a living, and he continues in that position to this day.

ALAN S. FUTERFAS

Since young adulthood, a common thread of untreated ADHD and depression has woven its way through Mr. Stiles' life. Despite a diagnosis of ADHD as a child, Mr. Stiles received no medication for this condition until he began college. Similarly, he has suffered from depression and anxiety for his entire life but was not diagnosed or treated. (PSR ¶¶ 68-70) He views these conditions as causing him to "shelter" rather than confront life's challenges. (PSR ¶ 70) Although he moved from one job to the next, continually seeking better pay and opportunities, Mr. Stiles has never found happiness or security in any of these positions. It is not clear that, without treatment, he could succeed at any significant position of responsibility. We attach for the Court's consideration, under seal, a psychiatrist's assessment of Gray Stiles. (*See* Attached Psychiatric Report)(filed under seal).

We submit that a lifetime of personal and professional challenges and self-doubts has impacted Mr. Stiles better judgment, including his judgment in connection with his commission of this offense. One manifestation of this, we believe, is his expression of extraordinary regret at committing the offense. Mr. Stiles truly struggles to forgive his personal failings in this case. In a pre-sentence report initially dated September 24, 2024, and revised after Andrew Stiles' sentence, the U.S. Probation Department recommends a below-guidelines sentence of 2 months' imprisonment for Gray Stiles. (PSR, dated October 16, 2024, at 29) The U.S. Probation Office, which has received the attached report, based its recommendation on: the need to avoid sentencing disparity, Gray Stiles' "intense remorse" in accepting responsibility; and his apparent "struggle[s] with untreated mental health disorders for several years which likely impacted his decision-making skills." (PSR pp. 28-29)

We submit that Mr. Stiles' personal history, illuminated by the psychological analysis included in the attached report, provides not only valuable insight into his character and conduct in this case but, specifically, his culpability relative to his cousin, Andrew. Mr. Stiles is not a man who is able to navigate the corporate world or enjoy much financial success, and he knows it. Indeed, after making quick money in the Kodak trades, more money than he had ever possessed in his life, Mr. Stiles had no desire to spend it rashly. On the other hand, he made the massive miscalculation of wagering nearly all of his earnings from Kodak on another pharma stock – this one, a supposedly ingestible Covid pill. Months later, the pill failed in a clinical trial, and the stock promptly fell to practically zero. Such a speculative gamble evinces poor judgment that, we submit, stems from undiagnosed issues that Mr. Stiles has struggled with his entire life.

At his core, Mr. Stiles is a truly good man and a good person of solid character. We attach several letters of support from people who have known him for many years. They speak volumes and attest to Gray Stiles as a very decent human being.

ALAN S. FUTERFAS

 For all of these reasons, we respectfully submit that a lenient sentence, including a sentence of probation, is warranted for Mr. Gray Stiles.

 Thank you for your consideration of this matter.

                Respectfully submitted,

                      /s/

                Alan S. Futerfas

cc: All counsel via ECF

Encl. (under seal)